**Avenue Motor Co. v. Emro**

*D. Abrams,* for plaintiff.
*J. T. Carney,* for garnishee.

DOYLE, *J.*, January 2, 1976 — Avenue Motor Company, plaintiff, obtained a judgment in the sum of $2,283.14 at No. 3455 AR 1975 in this court against Marlene Emro, defendant, a salaried employe of United States Steel Corporation (USS). Thereafter, plaintiff issued execution at No. 4411 of 1975 naming United States Steel and Carnegie Pension Fund, a domestic non-profit corporation (the Pension Fund), as garnishee. The garnishee filed preliminary objections demanding that the attachment be dissolved, and asserting that:

A. All property interests of defendant which are held by the garnishee are held by it as trustee pursuant to trust agreements and employe benefit plans established by USS for its employes.

B. All property interests of defendant which are held by the garnishee constitute wages (due to defendant) which USS has paid to the Pension Fund as trustee under the terms of the employe benefit plan and are exempt from attachment under the Act of April 15, 1845, P.L. 459, sec. 5, 42 P.S. §886.

C. All property interests of defendant which are held by the garnishee to pay pension and retirement benefits are exempt from execution under the Act of May 3, 1917, P.L. 112, sec. 1, as amended July 15, 1935, P.L. 1024, 40 P.S. §515.

D. All property in which defendant may have an interest and which is held by the garnishee, is held in trust pursuant to trust agreements and employe benefit plans described in A, supra, and is exempt from execution under section 206 (d)(1) of the Employee Retirement Income Security Act of 1974 (effective 1 January 1976), 29 U.S.C. §1056, 88 Stat. 864.

The "Pension Fund" is composed of the following:

(1) *Savings Plan.* Under this plan, salaried employes of USS accumulate savings by authorizing certain sums of money to be deducted from their salaries, which deducted amounts are matched in equal amounts by USS. the USS matching contribution is used to acquire common shares of USS for the employe. *Employe* contributions are invested in United States of America Savings Bonds or said Savings Bonds *and* USS common shares. No employe is required to participate in this plan and any participant has a right to withdraw from the plan prior to termination of his employment. The employe may withdraw his own contributions to the plan and accretions thereto at any time and he may withdraw the USS contributions after his right thereto has vested three years. This part of the employe benefit plan is irrelevant to the present controversy since defendant did not participate in it.

(2) *Vacation Benefit Plan.* This plan provides that every five years each USS employe shall be entitled to a *special* vacation benefit, viz.: the employe may take time off with pay, or he may work for USS during this *special* vacation period, in which latter event one-half of the *special* vacation benefit is paid to the employe in cash and one-half is delivered in trust to the Pension Fund and credited to the employe's account with the Pension Fund. This latter amount may not be withdrawn until termination of employment. These monies are USS contributions held in the Pension Fund and, under the trust indenture, are not assignable by the employe. Defendant did participate in this part of the total employe benefit plan.

(3) *Contributory Pension Plan.* As a *condition* of employment each employe of USS *must* partici-

pate in this part of the total plan. USS deducts a percentage of each employe's wages or salary, matches that amount with an equal amount contributed by USS, and delivers all the monies to the Pension Fund which holds the monies in trust. The plan contains a non-alienation provision with respect to the monies representing employe contributions.

Plaintiff argues that the attachment is legally permissible as to *employe* contributions under the Vacation Benefit Plan and the Contributory Pension Plan, supra. Plaintiff characterizes said employe contributions as *employe* savings and asserts that these contributions are deducted from the employe's wages or salary pursuant to *employe* authorization just as Federal and State income and municipal wage taxes are deducted.[*]

However, garnishee argues that the Pension Fund is exempt from attachment under the Act of 1845, supra, 42 P.S. §886, which provides, inter alia:

" . . . the wages of any laborers, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the *employer*."

It seems clear that as to any wages authorized to be withheld by USS this exemption is inapposite since the Pension Fund, a separate legal entity, is not the employer. The cited statute does not provide an exemption for the monies held in the Pension Fund, unless the Pension Fund is treated as a depository of wages which are treated as deferred compensation, q.v. infra.

---

[*]Federal, State and local taxes are extracted by government fiat; no authorization or consent is involved.

The garnishee objects to the attachment on the additional theory that monies held by the Pension Fund (which is not the *employer*) for the purpose of paying pension and retirement benefits are exempt from attachment under the Act of 1917, supra, as amended, 40 P.S. §515, which provides inter alia:

" . . . [A]ny annuity or pension, whether by way of a *gratuity or otherwise,* granted or paid by any private corporation or employer or *out of a trust fund* established by any private corporation or employer to a retired employe, being a citizen of this Commonwealth, under an agreement, plan or trust indenture *which provides that the same shall not be assignable* or subject to execution or attachment, *shall be* exempt and free and clear from the claims of all his or her creditors, and from all legal and judicial processes of execution, attachment, or otherwise, whatsoever."

The monies held by the Pension Fund which are derived from the Vacation Benefit Plan are a special contribution to the employe's pension and are clearly protected from attachment under the cited statute of 1935, supra. It is equally clear that both employer and employe contributions to the Contributory Pension Plan are insulated by the same statute from attachment by a creditor of the employe while the monies are in the custody and control of the Pension Fund. We reject the argument that when the monies from the Pension Fund are paid to the employe they are exempt from execution, but that while the monies remain in the Pension Fund, they may be attached. If adopted, such theory would — or could — lead to a dissipation of the very monies which are used to pay the employe a pension.

Plaintiff next contends that defendant is the settlor of the monies held by the Pension Fund to the extent of defendant's contributions to that fund, and thus, creditors of the employe defendant can reach the *employe* contribution part of the trust fund despite the non-alienability (spendthrift) restraints.

Plaintiff argues that the employe contributions to the Pension Fund trust constitute, pro tanto, the employe the settlor *and* beneficiary of the trust and therefore the non-alienability provisions should not be judicially enforced since, if so enforced, they provide the settlor-beneficiary a means of defrauding creditors, citing Restatement 2d Trusts §156, which provides:

"(1) Where a person creates for *his own benefit* a trust with a provision restraining the voluntary or involuntary transfer of his interest, his transferee or creditors can reach his interest." §156.

Comment to the above section states that an intent to defraud creditors is not required. Even where restraints on alienation are provided in the trust and the beneficiary is to be entitled to the principal plus accretions in the future, the restraints on transfer are not valid where the settlor is the beneficiary. Restatement 2d Trusts §153. However, we emphasize that pension funds are created for the *mutual* benefit of employe *and* employer. The employer is particularly interested in maintaining the morale of each employe and the *esprit de corps* of all employes and also is interested in minimizing the fiscally enervating cost of employe turnover. Thus, it may well be concluded that even if the trust was created in part by the action of the employe defendant in authorizing the withholding of wages or salary as savings, the

trust was created, at least in part, by the employer and was therefore not created *exclusively* by the employe for *his own* benefit, within the meaning of section 153, supra.

Plaintiff's argument must fail for another reason. The employe is not the creator of the Pension Fund (Trust). The employer created the trust. The settlor of the funds which are the corpus of the trust is USS, the employer. No funds are delivered by the employe defendant to the Pension Fund; nor may the employe withdraw Special Vacation Benefit Plan funds from the trust while he remains an employe. And, since the Contributory Pension Plan is not voluntary, it can hardly be argued with significant cogency that the employe defendant has created a trust, insulated his assets voluntarily from his creditors, and named himself beneficiary of the trust.

The exact plan involved here was reviewed in Lowe v. Jones, 414 Pa. 466, 200 A.2d 880 (1964), and all pension monies were treated as "deferred wages." The fact that the Pension Fund is a separate legal entity (a Non-Profit corporation) was evidently disregarded and the "deferred wages" were treated as though they remained in the hands of the employer.

An appropriate order will be entered.

## ORDER

And now, January 2, 1976, the preliminary objections of United States Steel and Carnegie Pension Fund, a corporation, are sustained and the attachment execution issued against the garnishee is dissolved.